UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIR HUSSEIN BABAKHANLOU,

Petitioner,

v.

TODD BLANCHE ET AL.,

Respondents.

CASE NO. 2:26-cv-01012-JHC

ORDER

**I**
**INTRODUCTION**

This matter comes before the Court on Petitioner Amir Hussein Babakhanlou's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition.

**II**
**BACKGROUND**

Petitioner is a non-U.S. citizen and Iranian national who is currently detained at the Northwest ICE Processing Center in Tacoma, Washington under 8 U.S.C. § 1231. Dkt. ## 1 at 3, 6–7; 7 at 1. Petitioner entered the United States in December 2005, at the age of eleven, without inspection or parole. Dkt. ## 1 at 6; 7 at 4. Petitioner was then detained and later

ORDER - 1

released on an Order of Recognizance (OREC).  Dkt. # 7 at 5.  In 2014, Petitioner applied for asylum.  *Id.*; *see also* Dkt. # 1 at 6.  Around that same time, Petitioner began experiencing mental health symptoms, and he received a schizophrenia diagnosis in 2016.  Dkt. # 1 at 6.  Petitioner also failed to appear for an interview with USCIS, resulting in the denial of his asylum application in 2020.  *Id.*; *see also* Dkt. # 7 at 5.

In August 2024, Petitioner was arrested by ICE near the U.S.-Mexico border.  *Id.*  On January 7, 2025, an immigration judge conducted a competency hearing and determined that Petitioner was not competent to represent himself in his immigration proceedings.  *Id.*  A qualified representative was assigned, and on September 11, 2025, an immigration judge ordered Petitioner removed to Iran.  Dkt. ## 7 at 6; 1 at 6.  The judge also granted Petitioner's application for deferral of removal to Iran under Article III of the Convention Against Torture (CAT).  *Id.*  Such ruling appears to remain in effect.  *See generally* Dkt. ## 1 & 7.

According to Respondents, immediately after the final order of removal was issued, ICE Enforcement and Removal Operations (ERO) "began efforts to identify a third country for Petitioner's removal."  Dkt. # 7 at 6.  Respondents say that Petitioner refused to cooperate with ICE's requests to assist in his removal, and that he received multiple failure to depart warnings.  *Id.* at 6–7.  They also say that Petitioner "requested that he be removed to either Canada or Mexico" and that "ICE is currently determining whether Canada, Mexico, or the United Kingdom, will accept Petitioner."  *Id.*  And they contend that "ICE intends to continue pursuing third country removal and will work with the consulate of the country that accepts Petitioner to obtain a proper travel document."  *Id.* at 7.

Petitioner now brings this Petition for Writ of Habeas Corpus.  Dkt. # 1.  He argues that his prolonged and ongoing detention, without a reasonably foreseeable end, is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *Id.* at 4.  And he asks the Court to order

ORDER - 2

Respondents to promptly release him and refrain from re-detaining him, subject to various conditions. *Id*. at 26–27.

### III
### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

When a petitioner is detained under 8 U.S.C. § 1231, the Government is required to hold the noncitizen in custody for a 90-day "removal period" following entry of a final order of removal. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2); *see also Zadvydas*, 533 U.S. at 682. After this 90-day period expires, the Government "may" continue to detain a noncitizen who remains in the United States. 8 U.S.C. § 1231(a)(6). But such detention cannot be indefinite: when "read in light of the Constitution's demands," § 1231 "limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Zadvydas*, 533 U.S. at 682, 689, 701.

According to the Supreme Court, it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual. *Id*. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Expiration of the six-month period does not automatically mean that the petitioner is entitled to relief. But "as the period of prior postremoval confinement grows, what

ORDER - 3

counts as the 'reasonably foreseeable future' . . . [has] to shrink" for the detention to remain constitutional. *Id.* And if the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.* at 699–701.

Here, Petitioner received a final order of removal on September 11, 2025. It is thus uncontested that Petitioner's 90-day removal period *and* his six-month period of presumptively reasonable detention have expired. *See* Dkt. # 1 at 21; *see also* Dkt. # 7 at 8 ("Respondents acknowledge that the presumptively reasonable six-month removal period has lapsed in the instant case."). Petitioner has also shown that "there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, as Petitioner cannot be removed to Iran at this time nor does he appear to possess travel documents for any other country. *See* Dkt. ## 1 at 21; 11 at 2. The burden thus shifts to Respondents.

The Court concludes that Respondents have not met their burden of rebutting Petitioner's showing under *Zadvydas*. In the Response, Respondents say that ICE "began efforts to identify a third country for Petitioner's removal" and is "currently determining whether Canada, Mexico, or the United Kingdom, will accept Petitioner." Dkt. # 7 at 6–7. They also say that ICE "intends to continue pursuing third country removal and will work with the consulate of the country that accepts Petitioner to obtain a proper travel document." *Id.* at 7. But these statements alone do not automatically render Petitioner's removal "reasonably foreseeable." *See Zadvydas*, 533 U.S. at 701. And Respondents do not provide the Court with any specific evidence or other information on what steps they have taken, or imminently intend to take, to effectuate Petitioner's removal and ensure that he is not indefinitely detained. *See generally* Dkt. Additionally, although Respondents state that "Petitioner is at least partially responsible" for his continued detention "due to his ongoing refusal to cooperate with ICE's removal efforts[,]" Dkt.

ORDER - 4

# 7 at 8, they fail to identify how Petitioner has purportedly refused to cooperate with ICE, let alone how such a refusal has contributed to the delay.

The Court is thus persuaded that there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Accordingly, Petitioner has shown, by a preponderance of the evidence, that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c).[1]

**IV**
**CONCLUSION**

For these reasons, the Court GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1) and ORDERS:

(1) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf must release Petitioner from custody within 72 hours on reasonable conditions of supervision. ICE must provide Petitioner's counsel with 24 hours' notice of the date and time of Petitioner's release. The Court declines Petitioner's request to prohibit GPS monitoring at this time.

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate, in accordance with all applicable laws.

(3) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from removing Petitioner to a third

---

[1] Because the Court is granting the Petition on prolonged detention grounds, it need not reach the parties' arguments on procedural due process, fear of removal, and punitive third-country banishment. It also tailors its relief accordingly.

ORDER - 5

country unless and until he is provided with adequate notice and a meaningful opportunity to respond, in accordance with all applicable laws.

The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record.

Dated this 15th day of April, 2026.

John H. Chun
United States District Judge

ORDER - 6